**Marshall Meyers (020584)**
**WEISBERG & MEYERS, LLC**
**5025 North Central Ave., #602**
**Phoenix, AZ 85012**
**602 445 9819**
**866 565 1327 facsimile**
**mmeyers@AttorneysForConsumers.com**
**Attorney for Plaintiff**

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kimberly Driesen, | Case No. |
| Plaintiff, | **COMPLAINT AND TRIAL BY JURY DEMAND** |
| vs. | |
| Progressive Management Systems and Juan Medina-Vargas, | |
| Defendants. | |

### NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendants transact business in this district.

Complaint - 1

# PARTIES

4. Plaintiff, Kimberly Driesen ("Plaintiff"), is a natural person who at all relevant times resided in the State of Arizona, County of Mohave, and City of Fort Mohave.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Progressive Management Systems ("PMS") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant, Juan Medina-Vargas ("Medina-Vargas") is an individual who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

8. "Employees can be held personally liable under the FDCPA." *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp. 2d 1051, 1059 (C.D. Cal. 2009); see *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008).

9. Furthermore, "most district courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, or directors from personal liability under the FDCPA." *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008); *see Kistner v. Law Offices of Michael P. Margelefsky, L.L.C.*, 518 F.3d 433, 437-38 (6th Cir. 2008); *del Campo v. Kennedy*, 491 F. Supp. 2d 891, 903 (N.D.Cal.2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F.Supp.2d 615, 618-21 (D. Utah 2005); *Albanese v. Portnoff Law Assocs., Ltd.*, 301 F. Supp. 2d 389, 400 (E.D. Pa. 2004); *Musso v. Seiders*, 194 F.R.D. 43, 46-47 (D.Conn.1999); *Brink*

*v. First Credit Res.*, 57 F. Supp. 2d 848, 861-62 (D. Ariz. 1999); *Pikes v. Riddle*, 38 F. Supp. 2d 639, 640 (N.D. Ill. 1998); *Ditty v. CheckRite, Ltd.*, 973 F. Supp. 1320, 1337-38 (D. Utah 1997); *Newman v. Checkrite Cal., Inc.*, 912 F. Supp. 1354, 1372 (E.D. Cal.1995); *Teng v. Metro. Retail Recovery Inc.*, 851 F. Supp. 61, 67 (E.D. N.Y. 1994).

10. Progressive Management Systems Juan Medina-Vargas ("Defendants") are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

11. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendants.

12. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arise from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.

13. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

14. Defendants contact Plaintiff's employer, and spoke with Plaintiff's supervisor on four (4) separate occasions [Mark Sahagian], and in each such instance, Defendants communicated with said third party for purposes other than obtaining

location information, disclosed its identity without being expressly requested to do so by said employment supervisor, and disclosed to said third party the existence of an alleged debt owed by Plaintiff. (15 U.S.C. §§ 1692b, 1692b(1), 1692b(2), 1692b(3), 1692c(b)).

15. Defendants placed multiple calls to Plaintiff's work telephone while Plaintiff was at her place of employment, during normal business hours, a time and place Defendants knew, or should have known, to be inconvenient for Plaintiff and contrary to the policy of Plaintiff's employer. (15 U.S.C. §§ 1692c(a)(1), 1692c(a)(3)).

16. Defendants continued to place telephone calls to Plaintiff after Plaintiff sent Defendants a cease and desist letter and requested to have all further communication conducted in writing. (15 U.S.C. § 1692c(c)).

17. Defendants' actions constitute conduct highly offensive to a reasonable person, and as a result of Defendants' behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

**COUNT I**
**DEFENDANT PMS**

18. Plaintiff repeats and re-alleges each and every allegation contained above.

19. Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated the FDCPA;

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## DEFENDANT MEDINA-VARGAS

20.     Plaintiff repeats and re-alleges each and every allegation contained above.

21.     Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    g) Adjudging that Defendant violated the FDCPA;

    h) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    i) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    j) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

    k) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    l) Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 15th day of November, 2010

By: s/ Marshall Meyers
Marshall Meyers (020584)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
602 445 9819
866 565 1327 facsimile
mmeyers@AttorneysForConsumers.com
Attorney for Plaintiff